NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**OCEAN GROVE NJ LLC, et al.,**<br><br>Defendants. | Civil Action No. 23-3554 (ZNQ)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Defendants Ocean Grove Operating LLC ("Ocean Grove Operating") and Sage Home Management LLC's ("Sage") (collectively, "Defendants") motion to vacate default. (Docket Entry No. 76). Plaintiff Federal National Mortgage Association ("Plaintiff") opposes Defendants' motion. (Docket Entry No. 78). The Court has fully reviewed the arguments made in support of and in opposition to Defendants' motion, including those contained in the briefing on Plaintiff's motion for default judgment. (Docket Entry No. 68). The Court considers Defendants' motion to vacate default without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Defendants' motion to vacate default is **GRANTED.**

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On June 30, 2023, Plaintiff commenced the instant foreclosure action against Ocean Grove NJ LLC ("Ocean Grove"), Ocean Grove Operating and Sage based on Ocean Grove's alleged failure to make the required payments under the relevant mortgage and loan documents. (*See generally,* Compl.; Docket Entry No. 1). On the same date Plaintiff filed the Complaint, Plaintiff also filed a proposed Order to Show Cause for Appointment of a Receiver. (Docket Entry No. 3).

Plaintiff served process on Sage, Ocean Grove Operating, and Ocean Grove on July 11, 2023, July 13, 2023, and July 13, 2023, respectively, making their Answers or other responses due on August 1, 2023, August 3, 2023, and August 3, 2023, respectively. (*See* Docket Entry Nos. 7, 8, and 9).

On July 21, 2023, the District Court directed the three defendants to "show cause in writing by no later than July 28, 2024, why a receiver should not be appointed[.]" Text Order to Show Cause of 07/21/2023; Docket Entry No. 11. While all three defendants were served with copies of the District Court's Text Order to Show Cause (*see* Docket Entry Nos. 12, 13, and 14), only Ocean Grove responded to same, affirmatively consenting to the appointment of a receiver. (Docket Entry No. 22). Neither Ocean Grove Operating nor Sage filed an appearance or any response. The District Court entered an Order appointing Michael F. Flanagan as a receiver on August 10, 2023. Order of 08/10/2023; Docket Entry No. 27.

On August 24, 2023, shortly after the District Court appointed Mr. Flanagan as the receiver, counsel entered a Notice of Appearance in this matter on behalf of Ocean Grove Operating and Sage. (Docket Entry No. 30). Despite being represented by counsel and having been served with process, neither Ocean Grove Operating nor Sage ever responded to Plaintiff's Complaint or otherwise formally participated in the litigation. As a result, on March 9, 2024, Plaintiff requested that a Clerk's Entry of Default be entered against them pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (Docket Entry No. 52). The Clerk granted Plaintiff's request and entered default against Ocean Grove Operating and Sage on March 19, 2024.[1] Despite being represented by counsel, neither Ocean Grove Operating nor Sage immediately moved to have the default vacated.

---

[1] Plaintiff' also requested that default be entered against Ocean Grove, and the Clerk granted this request. However, given Ocean Grove's later participation in the matter, that default was vacated. *See* Consent Judgment of 06/26/2024; Docket Entry No. 61.

Further, neither Ocean Grove Operating nor Sage made any other effort to defend itself in this case.

On December 24, 2024, Plaintiff filed a motion for default judgment as to Ocean Grove Operating and Sage. (Docket Entry No. 68). Only then did Ocean Grove Operating and Sage finally respond substantively in the case, first seeking an extension of time to respond to Plaintiff's motion for default judgment (Docket Entry Nos. 69 and 72), then opposing Plaintiff's motion for default judgment (Docket Entry No. 73), and, lastly, on February 19, 2025, moving to vacate the default entered on March 19, 2024. (Docket Entry No. 76).

While Plaintiff requested that its motion for default judgment be considered in conjunction with Ocean Grove Operating and Sage's motion to vacate default (Pl. Opp. Br. at 2; Docket Entry No. 78), on June 25, 2025, the District Court referred the motion to vacate default to the undersigned and administratively terminated the motion for default judgment, pending the instant decision on the motion to vacate. Text Order of 06/25/2025; Docket Entry No. 83.

II.     ANALYSIS

   A.  Standard of Review

Pursuant to Rule 55(a): "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

However, the Court may vacate the entry of default for good cause. *See* Rule 55(c). In deciding whether good cause exists to vacate the entry of default, courts examine: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d

3

159, 175 (3d Cir. 2016) (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Because default is considered an "extreme sanction . . . of last resort[,]" any doubts must be resolved in favor of vacating default and "proceeding on the merits." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). The Third Circuit instructs that "[it] prefer[s] that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting the Third Circuit's preference that cases be disposed of on the merits whenever practicable"). Ultimately, the decision to set aside a clerk's entry of default "'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz*, 732 F.2d at 1180.)

### B. Discussion

#### a. The Prejudice Suffered by the Party Seeking Default

Instances where a party will experience prejudice from vacating an entry of default include: "loss of available evidence, increased potential for fraud or collusion, substantial reliance upon the judgment," or "some other occurrence that tends to impair the [party's] ability to pursue it claims." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982); *New Jersey Chinese Cmty. Ctr. v. McAleer*, Civ. No. 21-08320, 2022 WL 3403297, at *5 (D.N.J. Aug. 15, 2022) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). "Delay is rarely sufficiently prejudicial to prevent vacating default." *Brink v. Bormann*, Civ. No. 23-497, 2024 WL 3159433, at *3 (D.N.J. June 25, 2024) (citing *Feliciano*, 691 F.2d at 656-57). Moreover, "the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice

4

required." *Id.* at *5 (citing *Julaj v. Tau Assocs. LLC*, Civ. No. 12-1464, 2013 WL 4731751, at *4 (D.N.J. 2013).

Here, Ocean Grove Operating and Sage argue that vacating default will result in no prejudice to Plaintiff. They note that Plaintiff has already obtained a judgment for the foreclosure of its mortgage in the sum of $24,381,205.99, and that the judgment permits the property to be sold, which hopefully will result in Plaintiff being paid in full. (Def. Br. at 11; Docket Entry No. 76-2). Ocean Grove Operating and Sage argue that this is the relief sought in Plaintiff's Complaint and that they are not challenging the judgment, stating, "Plaintiff can still proceed with the sale of the property." (*Id.*) Instead, Ocean Grove Operating and Sage request that default be vacated so that they "simply" have the opportunity to "dispute liability on the back rent[.]" (*Id.*) Ocean Grove Operating and Sage contend that the discovery needed for them to do so "will be limited and the issue most likely can be resolved on a motion for summary judgment." (*Id.*) Thus, they contend any delay caused by vacating default will be "minimal" and "not . . . prejudicial to the Plaintiff." (*Id.*)

Plaintiff, however, argues that it will be prejudiced if the Court vacates the default entered against Ocean Grove Operating and Sage. Plaintiff notes that courts have found that "a plaintiff is prejudiced when a defendant fails to appear and the plaintiff cannot obtain its requested relief." (Pl. Opp. at 7; Docket Entry No. 78). Plaintiff argues that it "has been prejudiced, and continues to be prejudiced, because it cannot obtain relief against all three Defendants in this action until it has final judgment against Ocean Grove Operating and Sage." (*Id.*) Plaintiff points out that it has been litigating this matter for over 18 months, and while the matter certainly involves logistical and legal complexities, it attempted to litigate the matter in an orderly fashion. Despite Plaintiff's efforts, Ocean Grove Operating and Sage never formally participated in the matter. Moreover,

5

Plaintiff notes that while it attempted to negotiate a consent judgment with Ocean Grove Operating and Sage, they, "without reason, stopped responding[.]" (*Id*. at 8). Plaintiff argues that because of Ocean Grove Operating and Sage's delay tactics, it was forced to file its motion for default judgment to seek the "significant monies" it is owed by all three defendants. (*Id*.) Further, Plaintiff maintains that "[i]n the interest of efficiency," it "does not intend to proceed with foreclosure until final judgment against all three defendants in this action is obtained." (*Id*.) Plaintiff argues that it continues to be prejudiced by Ocean Grove Operating and Sage's "delay in paying attention to this litigation[,]" a delay for which "Defendants offer absolutely no excuse[.]" (*Id*.)

While the Court appreciates Plaintiff's frustration, the Court finds that Plaintiff will not be prejudiced if Ocean Grove Operating and Sage's motion to vacate default is granted. In reaching this conclusion, the Court finds that there has been no showing that Plaintiff's ability to pursue its claims against Ocean Grove Operating and Sage has been unduly impaired. No arguments have been made suggesting that the delay here has caused a substantial loss of available evidence; nor has there been a suggestion that the delay has increased the potential for fraud or collusion. Further, all of the cases cited by Plaintiff in support of its prejudice argument involve cases considering prejudice in the context of a motion for default judgment, not a motion to vacate default.[2] In each of those cases, the defendant at issue never made an attempt to answer or otherwise defend the action. Thus, the plaintiffs in said cases would clearly be prejudiced absent the entry of default judgments because they in fact had no other means of vindicating their claims against the

---

[2] *See HealthMax Med. Tech. Ltd. v. All Am. Health LLC*, Civil Action No. 23-3296 (RK) (TJB), 2024 WL 3666049 (D.N.J. Aug. 6, 2024); *Gowan v. Cont'l Airlines, Inc.*, Civil Action No. 10-1858 (JLL), 2012 WL 2838924 (D.N.J. Jul. 9, 2012); *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, Civil No. 11-624 (JBS/JS), 2011 WL 4729023 (D.N.J. Oct. 5, 2011); and *United States v. Chandler*, Civil No. 15-8537 (RBK/KMW), 2017 WL 101307 (D.N.J. Jan. 10, 2017)

defaulting parties. Here, however, an alternative means clearly exists. Ocean Grove Operating and Sage have now made an attempt to defend this action; they have sought to vacate default and litigate the claims asserted against them on the merits. While their attempt certainly comes late in the litigation, the delay and inconvenience are not sufficiently prejudicial to warrant denying Ocean Grove Operating and Sage's request to vacate default. As a result, this factor weighs in favor of granting Ocean Grove Operating and Sage's motion.

### b. Whether the Party Subject to Default has a Meritorious Defense

A defense is shown to be meritorious "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). "Defendants are not required to prove their case . . . but only to 'set forth with some specificity the grounds for [their] defense.'" *Brink v. Bormann*, Civ. No. 23-497, 2024 WL 3159433, at *5 (D.N.J. June 25, 2024) (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)); *see Toy v. Hayman*, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Indeed, when considering this factor, the Court "need not decide the legal issue"; instead, "it is sufficient that [a defendant's] proffered defense is not 'facially unmeritorious.'" *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)). Further, in cases such as this, where the defendant seeks "to vacate only the entry of default, as opposed to the default judgment, 'courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists.'" *DirecTV, LLC v. Alvarez*, 1:15-cv-6827-NLH-KMW, 2017 WL 4284526, at *3 (D.N.J. Sept. 27, 2017) (quoting *Mike Rosen & Assocs. P.C. v. Omega Builders, Ltd.*, 940 F.Supp. 115, 121 (E.D. Pa. 1996)).

Ocean Grove Operating and Sage argue each has a meritorious defense to Plaintiff's claims both in terms of liability and damages. Beginning with damages, they claim that the facts alleged do not support Plaintiff's damages claim. In this regard, they note that Plaintiff's allegations do not address "the monthly rent, rent arrears, *or even attach a copy of the Lease*." (Def. Br. at 11). They further note that Plaintiff provided no type of accounting for the amount due in the Complaint or any factual basis for the claimed arrears or what rent may have been withheld. (*Id*. at 12). Ocean Grove Operating and Sage also take issue with who will lay a proper foundation for Plaintiff's damage claims and suggest that expert testimony may very well be required. (*Id*.) In light of the foregoing, Ocean Grove Operating and Sage argue that they have a meritorious basis on which to dispute the quantum of damages sought by Plaintiff.

In addition, they argue that Sage has a meritorious defense on liability. Specifically, Ocean Grove Operating and Sage argue that Plaintiff's allegations regarding Sage's alleged obligations with respect to the unpaid rent are lacking. They, again, note that Plaintiff failed to attach the Lease to the Complaint. Further, they argue that Sage isn't sufficiently referenced with respect to Plaintiff's allegations discussing rents and assignments of rents, nor is there an allegation that Sage guaranteed the lease payments. (*See id*. at 13). Instead, Ocean Grove Operating and Sage maintain that the actual allegations in the Complaint are "ambiguous[,]" making only "a passing reference" to Sage in paragraph 53 of the Complaint which states:

> 53. In addition, Borrower, Operator and Manager failed to comply with its obligation under the SASA regarding Rent.

(*Id*. (quoting Compl. ¶53)). Moreover, Ocean Grove Operating and Sage note that the SASA, which is attached to the Complaint as Exhibit H, is not signed by Sage. Thus, they argue that "[t]here are no documents that create liability on behalf of Sage." (*Id*.)

8

Further, Ocean Grove Operating and Sage contend that the Amended Management Agreement, which is attached as Exhibit G to the Complaint, additionally establishes no liability on the part of Sage. (*See id*. at 14-15). Specifically, they point to Sections 2.3, 4.1, 4.1(f), and 4.4 of the Amended Management Agreement to show that Sage's liability was explicitly limited by the parties and that "Sage has a defense to liability on all claims relating to rent." (*Id.* at 15).

Plaintiff, however, claims that neither Ocean Grove Operating nor Sage have a meritorious defense. Though Plaintiff acknowledges that Ocean Grove Operating and Sage are entitled to "an inquest on the precise amount of the rent that is owed[,]" Plaintiff argues that they have waived their ability to contest liability. (Pl. Opp. at 9). Plaintiff's waiver argument is based on the fact that Ocean Gover Operating and Sage did not dispute the legal standard cited by Plaintiff regarding obtaining a default judgment under Rule 55(b), coupled with the fact that they "decided to ignore this lawsuit[,]" and, "[l]ike any non-answering defendant, they must live with the consequence of that decision." (Pl. Reply at 3; Docket Entry No. 74).

The Court disagrees with Plaintiff. The fact that Ocean Grove Operating and Sage agreed with the standard set forth by Plaintiff is unsurprising. The standard for obtaining a default judgment is plainly set forth in Rule 55(b) and well known. More importantly, the whole point of Rule 55(c) is to provide the Court with a mechanism by which it may "set aside an entry of default[,]" or, in other words, to provide a non-answering defendant the opportunity to litigate the case on the merits. Notably, the District Court did not determine that Ocean Grove Operating and Sage's motion to vacate default was untimely or should for other reasons be denied. Instead, the District Court specifically referred the motion to the undersigned for substantive consideration. In the context of a Rule 55(c) motion to vacate, in considering the meritorious defense factor, the Court examines Ocean Grove Operating and Sage's response to Plaintiff's allegations and

9

determines whether Ocean Grove Operating and Sage are able to "'set forth with some specificity the grounds for [their] defense.'" *Brink*, 2024 WL 3159433, at *5 (quoting *Harad*, 839 F.2d at 982).

While Plaintiff also substantively challenges Ocean Grove Operating and Sage's proposed asserted defenses based on the documentary evidence available to the Court, the Court notes that, at this juncture, "[it] 'need not decide the legal issue[s] . . . it is sufficient that [defendant's] proffered defense is not facially unmeritorious.'" *Fid. Warranty Servs., Inc. v. Edison Motor Cars, Inc.*, Civ. No. 16-5728, 2022 WL 356934, at *2 (D.N.J. Feb. 7, 2022) (citing *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)). Nor does the Court need to make a determination as to the strength of Ocean Grove Operating and Sage's defense at this stage. *Fid. Warranty Servs., Inc.*, 2022 WL 356934, at *2; *see Aktas v. Fig & Lily Garden*, Civ. No. 20-7409, 2021 WL 3634160, at *2 (D.N.J. Aug. 17, 2021) (finding that the defaulting party established a sufficiently plausible *prima facia* defense to Plaintiff's claims without making a determination on the strength of the defense or the ultimate outcome of the litigation). Here, the Court finds that Ocean Grove Operating and Sage's proffered defense is not facially unmeritorious. As Ocean Grove Operating and Sage have sufficiently stated a meritorious defense to Plaintiff's claims, this factor weighs in favor of vacating default.

### c. The Culpability of the Party Subject to Default

Culpability is determined by "the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d at 1182. The "culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated." *Id.* at 1183. Intentional disregard for court-mandated procedures and "[r]eckless disregard for repeated communications from plaintiffs and

the court, combined with the failure to investigate the source of serious injury," may be considered culpable conduct. *Id*.

Ocean Grove Operating and Sage argue that their conduct was not culpable, but instead they acted reasonably and did not cause the default. In this regard, Ocean Grove Operating and Sage argue that, when read in a reasonable manner, the Complaint would not lead either to believe it would need to defend the foreclosure action. (*See* Def. Br. at 15). Indeed, they argue that "[t]he Complaint was clear on the legal remedy being limited to foreclosure, receivership and sale of the property." (*Id*.) Further, they note that "Sage was asked to operate the facility until the Receiver could take over, despite the fact that Sage was not being paid." (*Id*.) Thus, Ocean Grove Operating and Sage maintain there was no culpable conduct.

The Court is unpersuaded by Ocean Grove Operating and Sage's arguments regarding culpability. Ocean Grove Operating and Sage were served with Plaintiff's Complaint and the District Court's Text Order to Show Cause. The Complaint clearly names both Ocean Grove Operating and Sage as defendants in the matter. Moreover, if somehow Ocean Grove Operating and Sage believed that the factual allegations did not implicate them as named defendants who needed to appear and defend this matter, Counts II and III of the Complaint for possession of premises and payments of rents, respectively, should have put them on notice. These Counts explicitly state that they are being brought "Against Borrower, Operator and Manager[,]" leaving no doubt that Ocean Grove Operating and Sage needed to respond to the Complaint. Further, if that fact was in some way missed by Ocean Grove Operating and Sage themselves, it was or should have been abundantly clear to their counsel. As noted above, counsel made an appearance on Ocean Grove Operating and Sage's behalf August 24, 2023, and Ocean Grove Operating and Sage have been represented by counsel since that time.

11

Under these circumstances, Ocean Grove Operating and Sage have failed to provide a reasonable explanation for their failure to respond to the Complaint or otherwise timely appear and defend this matter. As a result, the Court finds that default was entered as a result of Ocean Grove Operating and Sage's culpable conduct. *See United States v. Cruz*, Civil Action No. 20-3903, 2021 WL 1884862, at *2 (D.N.J. May 11, 2021) (finding "Defendants' failure to answer or otherwise respond to the Complaint, without providing any reasonable explanation, permits the Court to draw an inference of culpability[.]") Therefore, this factor weighs in favor of denying Ocean Grove Operating and Sage's motion to vacate default.

In sum, in considering whether there is "good cause" to vacate default pursuant to Rule 55(c), the Court finds that the prejudice and meritorious defense factors weigh in favor of granting Ocean Grove Operating and Sage's motion to vacate default while the culpability factor clearly does not. In balancing the aforementioned "good cause" factors, given the lack of prejudice to Plaintiff coupled with the Third Circuit's strong preference for matters to be decided on their merits, the Court in its discretion finds that, here, the scales tip in favor of finding that good cause exists to vacate default and permit Ocean Grove Operating and Sage to defend the claims Plaintiff asserted against them on the merits.

### III.  CONCLUSION

For the reasons stated above, Ocean Grove Operating and Sage's motion to vacate default is **GRANTED.**  An appropriate Order follows.

Dated: September 30, 2025

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
